IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FERNANDO MARTINEZ JUAREZ,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | No. 3:26-CV-2187-O |
| WARDEN GONZALES,<br>Respondent. | §<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Fernando Martinez Juarez, proceeding *pro se*, filed a *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on June 30, 2026. Doc. 3. Based on a careful review of the pleadings and applicable law, the Court **DISMISSES** the petition without prejudice for lack of jurisdiction.

## I. BACKGROUND

Martinez Juarez, an immigration detainee at Prairieland Detention Center ("PDC") in Alvarado, Texas, filed a habeas corpus petition under 28 U.S.C. § 2241 challenging his alleged prolonged and continued detention by United States Immigration and Customs Enforcement ("ICE"). *See id.* He names the warden of PDC as the Respondent. *See id.* at 1.[1]

Martinez Juarez states that he was taken into immigration custody on October 29, 2025,[2] and that he is subject to an order of removal dated February 3, 2026. *See id.* at 4. He appealed the order of removal to the Board of Immigration Appeals ("BIA") on February 26, 2026. *See id.* at 2, 5. On May 18, 2026, Martinez Juarez withdrew his appeal. *See id.* Approximately one

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Martinez Juarez provided a date of October 29, 2026 as the date he was taken into immigration custody. Doc. 3 at 4. Because it is currently August 2026, the Court understands the year provided by Martinez Juarez to be a typo, and it will assume that he intended a date of October 29, 2025.

month later, he filed this § 2241 action alleging the following grounds for relief:

> (1) Violation of 8 U.S.C. § 1231(a)(6); and
>
> (2) Violation of the due process clause of the Fifth Amendment to the U.S. Constitution.

*Id.* at 6. He seeks "immediate release from ICE custody[.]" *Id.* at 7.

**II. JURISDICTION**

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

In each of his grounds for relief, Martinez Juarez challenges his alleged prolonged detention. *See* Doc. 3 at 6. Citing 8 U.S.C. § 1231(a)(6), Martinez Juarez alleges in his first ground that he has "been detained by ICE beyond the removal period authorized by statu[t]e[,]" and that "ICE is not likely to remove [him] in the near future." *Id.* In his second ground, he states that "ICE is depriving [him] of [his] right to liberty" and that he has "been detained by ICE for a prolonged period." *Id.* Martinez Juarez's claims implicate, and appear to seek relief pursuant to, *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Under 8 U.S.C. § 1231(a)(1)(A), the Government has a 90-day "removal period" to remove an alien ordered removed from the United States. *See* 8 U.S.C. § 1231(a)(1)(A). During this "removal period," the alien must be detained. *See* 8 U.S.C. § 1231(a)(2). After the expiration of the removal period, the Government may continue to detain an inadmissible or

criminal alien or release him subject to conditions of release. *See* 8 U.S.C. § 1231(a)(6). To facilitate "uniform administration in the federal courts," the Supreme Court recognized a six-month "presumptively reasonable period of detention." *Zadvydas*, 533 U.S. at 701. This period commences on the date the petitioner's order of removal becomes administratively final.[3] *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("It is presumptively constitutional for an alien to be detained for six months after a final order of removal."). A removal order becomes administratively final "upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see also Lopez Acosta v. Rosen*, 832 F. App'x 891, 891 (5th Cir. 2021).

Here, Martinez Juarez states that his removal order was dated February 3, 2026, he filed an appeal with the BIA on February 26, 2026, and he withdrew his then-pending BIA appeal on May 18, 2026. *See* Doc. 3 at 2, 4-5. Based on his representations, it therefore appears that his removal order became administratively final for purposes of *Zadvydas* on either March 5, 2026, when the 30-day period to appeal the removal order to the BIA expired, or, at the latest, May 18, 2026, when he withdrew his appeal with the BIA. *See* 8 C.F.R. § 1003.4 (stating that withdrawal of a BIA appeal prior to a decision renders the initial decision "final to the same extent as if no appeal had been taken"); 8 C.F.R. 1003.38(b) (providing immigration detainees, at the time Martinez Juarez's removal order was issued, 30 days to appeal a decision of an Immigration Judge to the BIA). Assuming *arguendo* that Martinez Juarez's removal order became administratively final on the earlier date of March 5, 2026, when his 30-day period to appeal the

[3] The removal period may also begin on the later of (1) the date of a court's final order, "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien," or (2) the date the alien is released from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B)(ii)-(iii). Neither of these circumstances applies here.

removal order to the BIA expired, he "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*." *Agyei-Kodie*, 418 F. App'x at 318.

Martinez Juarez's challenges to his alleged prolonged detention under *Zadvydas* are therefore premature, and the Court dismisses them for lack of jurisdiction without prejudice to Martinez Juarez's right to file a § 2241 petition challenging his detention after the presumptively reasonable six-month period has expired. *See id.* at 318 (dismissing the petitioner's premature challenge to his continued post-removal-order detention for want of jurisdiction).

## III. CONCLUSION

The Court **DISMISSES** the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on June 30, 2026 (Doc. 3), without prejudice for lack of jurisdiction.

Based on the Court's ruling herein, Martinez Juarez's pending applications to proceed *in forma pauperis* (Docs. 4, 6) are **DENIED AS MOOT**.

**SO ORDERED** on this 20th day of August, 2026.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE